# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MIDWEST MAILING & SHIPPING SYSTEMS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 15 C 7752 ) |
| NEOPOST USA INC., | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Midwest Mailing & Shipping Systems, Inc.'s (Midwest) motion to remand. For the reasons stated below, the motion to remand is granted.

## BACKGROUND

Defendant Neopost USA, Inc. (Neopost) allegedly is engaged in the business of selling, leasing, installing and servicing postage meters and registers and other related products. In February 1996, Neopost USA, Inc. (Neopost) allegedly entered into a dealership agreement (Dealership Agreement) with Midwest. The court notes that the actual Dealership Agreement reflects an agreement between Midwest and F.M.E. Corporation, which is a former name under which Neopost had done

1

business. Under the terms of the Dealership Agreement, Midwest was allegedly granted an exclusive territory in which to act on behalf of Neopost. In 2002, various dealers authorized to act on behalf of Neopost filed actions against Neopost. Midwest allegedly participated in a suit brought against Neopost that was filed in Illinois state court in the Cook County Circuit Court (State Action). In the State action, the parties allegedly entered into a settlement pursuant to the terms of a settlement agreement (Settlement Agreement). Midwest contends that Neopost has breached the terms of the Settlement Agreement. Midwest brought the instant action in state court and Neopost removed the action to federal court. Midwest includes in its complaint a claim seeking injunctive relief (Count I), and a breach of contract claim (Count II). Midwest now moves to have the instant action remanded to state court.

**LEGAL STANDARD**

After an action has been removed to federal court, a plaintiff may move to remand the case back to state court pursuant to 28 U.S.C. § 1447 (Section 1447(c)). Section 1447(c) provides the following:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with

such case.

28 U.S.C. § 1447.

## DISCUSSION

Midwest contends that in the Settlement Agreement the parties agreed that any dispute over the enforcement of the terms of the agreement would be brought in Illinois state court. The Settlement Agreement included the following provision:

> Governing Law and venue. This Agreement shall be construed, interpreted, and enforced in accordance with the laws of the State of Illinois. All disputed and any actions that may be necessary to enforce this Agreement shall be brought before the Honorable Julia Nowicki, or if unavailable the Judge sitting in her place, who shall retain jurisdiction over this matter.

(Sett. Agr. Par. 14). Thus, in the Settlement Agreement the parties expressly agreed to litigate any issues concerning the enforcement of that agreement in Illinois state court. Midwest has shown that the forum selection clause in the Settlement Agreement is valid and enforceable and consistent with the public interest.

Neopost argues that in the Settlement Agreement, the parties acknowledged the continuation of the Dealership Agreement, which does not have such a limiting forum selection clause. However, even if that is so, the Dealership Agreement in no way negates the express forum selection clause in the Settlement Agreement. The Settlement Agreement also specifically provides that to the extent that it conflicts with prior dealership agreements, the Settlement Agreement supercedes such agreements. (Sett. Agr. Par. 8). Neopost also argues that Midwest's claims in this

case arise solely under the Dealership Agreement and thus the terms of the Dealership Agreement are applicable. However, a review of the complaint shows that Midwest is seeking to enforce the terms of the Settlement Agreement. For example, in paragraph 8 of the Settlement Agreement, certain terms are set relating to exclusivity and Midwest contends that Neopost has breached such terms. To the extent that there are references to a breach of the Dealership Agreement in the complaint, Midwest makes clear in its motion to remand and reply that it is not seeking to enforce the terms of the Dealership Agreement. (Rem. 1, 4); (Reply 2). Neopost disagrees, but Midwest is the master of its own complaint. If upon remand, Midwest seeks to pursue claims based on a breach of the Dealership Agreement, Neopost can raise Midwest's assertions in this case as to the scope of its claims. Neopost also contends in its surreply that the only terms in the Settlement Agreement referenced by Midwest relate to rights that were provided to Neopost and not to any obligation owed to Midwest. (Sur. 3). That is an argument that Neopost can make before the state court on remand in proving that it did not breach any terms of the Settlement Agreement. Based on the above, the motion to remand is granted.

## CONCLUSION

Based on the foregoing analysis, Midwest's motion to remand is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 28, 2016